**Jose Luis MIRANDA–ALFARO; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 04–75399, 05–71864.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted July 24, 2006.*

Filed Aug. 1, 2006.

Robert L. Lewis, Esq., Law Office of Robert L. Lewis, Oakland, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., Elizabeth J. Stevens, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Stephanie R. Marcus, Esq., U.S. Department of Justice Civil Division/Appellate Staff, Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Husband and wife Jose Luis Miranda–Alfaro and Georgina Catalina Gonzalez–Buenrostro, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen proceedings and its previous decision denying their application for cancellation of removal. We dismiss the petitions for review.

The evidence the petitioners presented with their motion to reopen concerned the same basic hardship grounds as their application for cancellation of removal. *See Fernandez v. Gonzales,* 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's determination that the evidence would not alter its prior discretionary determination that they failed to establish the requisite hardship. *See id.* at 600 (holding that 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from reviewing the denial of a motion to reopen where "the only question presented is whether [the] new evidence altered the prior, underlying discretionary determination that [the petitioner] had not met the hardship standard.") (Internal quotations and brackets omitted).

Petitioners' contention that the BIA violated their due process rights by disregarding their evidence is not supported by the record and does not amount to a colorable constitutional claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("[t]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

We do not consider the BIA's order affirming the Immigration Judge's denial of cancellation of removal because petitioners failed to address that order in their opening brief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1260 (9th Cir.1996).

**PETITIONS FOR REVIEW DISMISSED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.